UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY P. BARNES, DAVID C. BOLLE, MARY D. WASSON, and JERRY M. CHAPMAN, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERSHEY COMPANY,<br><br>Defendant. | Case No. 12-cv-01334 CRB (NC)<br><br>**ORDER RESOLVING DISCOVERY DISPUTES**<br><br>Re: Dkt. Nos. 165, 166 |

Pending before the Court are two joint discovery letter briefs, Dkt. Nos. 165 and 166, in which plaintiffs request that the Court order Hershey to produce documents, provide responses to interrogatories, and produce individuals and designees under Federal Rule of Civil Procedure 30(b)(6) for deposition. Discovery in this case is no longer limited to the issue of waiver after District Court Judge Charles R. Breyer lifted the bifurcation of discovery and ordered the parties "to proceed with discovery on all issues." Dkt. No. 148.

In general, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Furthermore, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* Information is relevant for discovery purposes if it "appears

reasonably calculated to lead to the discovery of admissible evidence." *Id.* However, even when the information sought by the parties in a civil lawsuit is relevant, the Court must limit the scope of discovery if it determines that (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (3) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). In other words, the Court seeks to "strike[] the proper balance between permitting relevant discovery and limiting the scope and burdens of the discovery to what is proportional to the case." *Kaiser v. BMW of N. Am., LLC*, No. 12-cv-01311 DMR, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013).

Having considered the parties' joint letter briefs and proposed orders, the arguments of counsel, and the record in this case, the Court ORDERS as follows:

**1.    Depositions**

   **a.    Deposition of Otis Smith**

Plaintiffs seek to depose Otis Smith because he was directly involved in the termination of Mary Frazier and has submitted a declaration in support of Hershey's pending motion for summary judgment. Hershey contends that the deposition is not appropriate because Otis Smith is on medical leave and plaintiffs have not shown that the declaration is inaccurate. The Court orders Hershey to produce Otis Smith for a deposition within 30 days of this order. The deposition must not exceed two hours, absent further Court order, and may take place by telephone or video, at the parties' agreement.

   **b.    Depositions of Dave Onorato, Dan Vucovich, and Dave West**

Hershey is ordered to produce for deposition Dave Onorato. However, plaintiffs' request to compel the depositions of Dan Vucovich and Dave West, who are Hershey's

former Senior Vice President and Global Chief Customer Officer and Chief Executive Officer, respectively, is denied without prejudice at this time. The single email relied on by plaintiffs as a reason for seeking to depose these high-ranking corporate officers is insufficient. After plaintiffs have completed the deposition of Dave Onorato, they may renew their request to depose Dan Vucovich and Dave West, but plaintiffs will have to establish a reasonable basis to expect that Dan Vucovich and Dave West have personal involvement or any relevant knowledge that cannot be discovered through any less burdensome procedure.

### c. Deposition of Jacqui Fanelli

Hershey objects to the deposition of Jacqui Fanelli as cumulative and duplicative of other discovery Hershey has provided or agreed to provide, including the deposition of Holly Magnuson. Plaintiffs have not explained why the deposition is not unreasonably cumulative or duplicative, or why the benefit of this deposition exceeds its burden. Accordingly, plaintiffs' request to compel this deposition is denied.

### d. Deposition of Thomas Smuda

Hershey objects to the deposition of Thomas Smuda, asserting that he (1) did not manage (directly or indirectly) any Customer Sales Executive ("CSE") or Category Development Manager ("CDM"); (2) Thomas Smuda's declarations in support of Hershey's motion to transfer the case were relevant only to the issue of transfer and not to the facts of this case; and (3) the mention of Thomas Smuda in a handwritten note that plaintiffs reference has no relevance to this case. Plaintiffs have not explained why the benefit of this deposition exceeds its burden. Accordingly, plaintiffs' request to compel this deposition is denied.

### e. Topics 1 & 4

These topics concern any realignments, restructurings, reorganizations, or reductions in force that affected the CSE or CDM position between 2009 and 2013 that applied within the regions where plaintiffs were employed. Hershey has already agreed to provide a

corporate representative to testify as to any realignments, restructurings, reorganizations, or reductions in force that impacted any of the plaintiffs. Hershey contends that the burden to prepare and provide corporate representatives to testify regarding realignments, restructurings, reorganizations, or reductions in force that did not affect a plaintiff in this case substantially outweighs the likely benefits, if any, to plaintiffs of any such depositions. Hershey, however, has failed to substantiate this burden. While plaintiffs do not address Hershey's specific argument, they assert generally that "each of these topics" seeks information relevant to whether Hershey engaged in group termination or whether it engaged in pattern or practice of age discrimination. Given that discovery is no longer limited, and that the challenged part of these topics is at least marginally relevant to a claim or defense in this case, the Court orders Hershey to produce a corporate designee on the entirety of these two topics.

### f.    Topics 2 & 3

These topics ask Hershey to provide a corporate representative to testify about any "exit incentive" plans or "termination programs" as defined in 29 U.S.C. § 626(f) and 29 C.F.R. § 1625.22(f), applied to CSEs and/or CDMs 2009 to 2013 within the regions where plaintiffs were employed. Hershey contends that these topics are inappropriate because they seek legal conclusions as to whether any Hershey activities could be defined as "exit incentive" plans or "termination programs." Further, Hershey has indicated that any corporate representative it identified to testify on this topic would answer these questions in the negative and that it would be far less burdensome to do so via an interrogatory.

The Court agrees that these two topics seek legal conclusions that could be more appropriately addressed through contention interrogatories or requests for admission. This order does not preclude plaintiffs from seeking testimony as to *the facts* relevant to "exit incentive" plans or "termination programs." Accordingly, plaintiffs' requests to compel Rule 30(b)(6) designees on these deposition topics are denied.

      **g.**    **Topic 5**

This topic asks Hershey to provide a corporate representative to testify as to the employment separations of (1) each of the plaintiffs in this case; and (2) each of the 23 CSEs and CDMs who had the opportunity to join this case, but chose not to do so. Hershey asserts that it has agreed to provide corporate representatives to testify regarding the employment separations of each of the plaintiffs, and has already provided several such representatives. Hershey objects to providing corporate representatives to testify as to the employment separations of the 23 CSEs and CDMs who chose not to join this case on the grounds that these depositions would be cumulative and duplicative of other discovery that Hershey has already agreed to provide via interrogatory responses and the production of documents, and because the burden of preparing 15-20 additional corporate representatives to testify on this topic substantially outweighs any likely benefit to plaintiffs from these depositions.

The Court finds that the testimony sought by plaintiffs on this topic appears reasonably calculated to lead to the discovery of admissible evidence as to whether Hershey engaged in group termination or whether it engaged in pattern or practice of age discrimination. However, Hershey has agreed to provide a complete response to plaintiffs' Interrogatory No. 9 concerning this topic. Additionally, at least some of the information sought could be discovered from Hershey's responses to document requests and production of ESI, which is a subject of an ongoing meet and confer process and a pending discovery letter brief. Accordingly, at this time the Court denies plaintiffs' request to compel Rule 30(b)(6) designees on this deposition topic without prejudice.

      **h.**    **Topic 6**

This topic seeks a corporate representative to testify regarding Hershey's "prior noncompliance with the Older Workers Benefit Protection Act." Hershey objects to this topic as being (1) vague and ambiguous; (2) not an appropriate topic for a Rule 30(b)(6) deposition; and (3) irrelevant to the issues of this case on its face. The Court finds that

while the potential relevance might be low, this topic appears reasonably calculated to lead to the discovery of admissible evidence as to whether Hershey engaged in group termination or whether it engaged in pattern or practice of age discrimination.  However, the information sought by this topic could be more appropriately addressed by interrogatories or document requests, instead of deposition testimony.  Accordingly, plaintiffs' request to compel Rule 30(b)(6) designees on this deposition topic is denied.

### i. Topic 7

This topic seeks a corporate representative to testify regarding any plans or goals to sever CSEs and CDMs in 2009 through 2011.  Hershey objects to this topic on the ground that it has already indicated to plaintiffs that it had no plans or goals to sever CSEs or CDMs from 2009 through 2011 and has agreed to produce any responsive documents relevant to this topic.  Given that Hershey is ordered to produce a corporate designee on realignments, restructurings, reorganizations, or reductions in force that affected the CSE or CDM position, and Hershey's representation that it had no plans or goals to sever CSEs or CDMs from 2009 through 2011, the added burden of producing a corporate designee on this topic appears minimal.  Therefore, the Court orders Hershey to produce a corporate designee on this topic.

### j. Topic 8

This topic seeks a corporate representative to testify regarding "[t]rends of terminations of CSEs and CDMs age 40 or older from 2006 to the present."  Hershey objects to this topic on the grounds that (1) it is vague and ambiguous; (2) it is not a proper subject for a Rule 30(b)(6) deposition; and (3) Hershey has agreed to provide data from which plaintiffs can draw their own conclusions regarding any trends in CSE and CDM terminations, rendering this deposition cumulative of other discovery Hershey has already agreed to provide.  The Court finds that this topic, as currently phrased, is vague and appears unreasonably cumulative of other discovery propounded, and on this basis denies plaintiffs' request to compel a Rule 30(b)(6) designee on this deposition topic.

### k. Topic 9

This topic seeks a corporate representative to testify regarding any employee who took over any of the duties of any of the plaintiffs after their separations from employment. Hershey objects to this topic as vague and ambiguous because (1) it would include not only any individuals who actually replaced plaintiffs in their positions, but also any individual who took over even a single duty that a plaintiff once performed; and (2) it purports to require a corporate representative to testify as to every aspect of these individuals and their employment with Hershey. Hershey further asserts that it has already provided plaintiffs with interrogatory responses regarding their replacements, along with copies of their personnel files, rendering the discovery sought by this topic cumulative of other discovery. The Court finds that this topic, as currently phrased, is vague, overbroad, and appears unreasonably cumulative of other discovery propounded, and on this basis denies plaintiffs' request to compel a Rule 30(b)(6) designee on this deposition topic.

With respect to the depositions ordered by the Court, the parties must cooperate on the timely and reasonable scheduling.

## 2. **Interrogatories**

### a. Interrogatory No. 9

This interrogatory concerns the separation from employment with Hershey of the 23 CSEs and CDMs who received notice of this action but chose not to join it. Hershey has agreed to provide a full and complete response to this interrogatory and is hereby ordered to do so within 30 days of the date of this order.

### b. Interrogatories Nos. 11 and 12

These interrogatories seek information regarding any realignments, restructurings, or reorganizations that affected the CSE or CDM positions between January 1, 2009, and December 11, 2012. Hershey objects to these interrogatories to the extent they require it to identify all realignments, restructurings, or reorganizations that either did not result in the separation from employment of a CSE or CDM over the age of 40, or did not result in any

Case No. 12-cv-01334 CRB (NC)
ORDER RE: DISCOVERY DISPUTES

7

separation from employment at all.

In light of the order lifting the bifurcation on discovery, the Court finds that while the potential relevance might be low, these interrogatories appear reasonably calculated to lead to the discovery of admissible evidence as to whether Hershey engaged in group termination or whether it engaged in pattern or practice of age discrimination. Hershey has not substantiated its assertion of undue burden. Accordingly, Hershey is ordered to provide complete responses to these interrogatories within 30 days of the date of this order.

### c. Interrogatories Nos. 22 and 23

These interrogatories seek information regarding the numbers and ages of CSEs and CDMs employed by Hershey and separated from employment with Hershey from January 1, 2009, through December 31, 2011. Hershey has agreed to produce the information sought by these interrogatories and is hereby ordered to do so within 30 days of the date of this order.

### 3. Document Requests

### a. Request for Production No. 3

This request for production seeks organizational charts for Hershey's sales organization from 2007 to the present. Hershey has agreed to produce representative organizational charts for all CSEs and CDMs and their chain of command within the sales organization from January 1, 2009, through December 31, 2012, but objects to producing organizational charts covering the larger time period as being beyond the proper focus of discovery and as unduly burdensome.

The Court finds that this document request appears reasonably calculated to lead to the discovery of admissible evidence and that Hershey has not substantiated its burden objection. Accordingly, Hershey is ordered to produce representative organizational charts responsive to this request for production within 30 days of the date of this order.

### b. Request for Production No. 15

Request No. 15 asks for the personnel file for any CSE or CDM who was age 40 or

older and was involuntarily terminated from employment with Hershey from January 1, 2012, to the present.  Hershey objects to producing responsive documents after March 25, 2013, based on the lack of relevance and that the purpose of the request is a "fishing expedition."

The Court finds that the documents sought by this request appear reasonably calculated to lead to the discovery of admissible evidence as to whether Hershey engaged in group termination or whether it engaged in pattern or practice of age discrimination. Accordingly, Hershey is ordered to produce all documents responsive to this request for production within 30 days of the date of this order.

### c. Request for Production No. 16

Request No. 16 asks for all documents regarding the employment separations for any CSE or CDM who was age 40 or older and involuntarily terminated from employment with Hershey from January 1, 2012, to the present.  In addition to making the same objection as to the temporal scope of this request as the objection made to Requests Nos. 15 and 17, Hershey contends that this request is unduly burdensome as it would include "interviewing and collecting email and electronic and hard-copy documents from dozens of additional custodians."  Hershey contends that this is especially true given Hershey's willingness to (1) provide complete interrogatory responses regarding the separations from employment of each of these 23 individuals; and (2) produce all responsive documents related to the separations from employment of each of these 23 individuals captured within the approximately 85,000 search term "hits."

As an initial matter, the Court finds that the documents sought by this request appear reasonably calculated to lead to the discovery of admissible evidence as to whether Hershey engaged in group termination or whether it engaged in pattern or practice of age discrimination.  However, the Court has not been presented with sufficient information to assess the proportionality and burden of the requested discovery.  Because this document request is related to the ESI issues which are a subject of an ongoing meet and confer

process and another pending discovery letter brief, the Court will take this request under submission and resolve it at the same time as the ESI issues.

### d.     Request for Production No. 17

Request No. 17 asks for the personnel file for any employee who took over the position of any CSE or CDM who was age 40 or older and involuntarily terminated from employment with Hershey from January 1, 2012, to the present. Hershey objects to producing responsive documents after March 25, 2013, based on the lack of relevance and that the purpose of the request is a "fishing expedition."

The Court finds that the documents sought by this request appear reasonably calculated to lead to the discovery of admissible evidence as to whether Hershey engaged in group termination or whether it engaged in pattern or practice of age discrimination. Accordingly, Hershey is ordered to produce all documents responsive to this request for production within 30 days of the date of this order.

### e.  Requests for Production Nos. 20 and 21

Request for Production No. 20, as modified, asks for personnel files for any CDM or CSE who was age 40 or older and was involuntarily severed from employment from January 1, 2009, to the present, including all documents that "relate in any way to the involuntary severance. Request for Production No. 21 asks for personnel files for any employee who took over the position or responsibilities of such CDM or CSE. Hershey objects to these requests on the grounds that they are duplicative and cumulative to other discovery requests and seek personnel files that Hershey has already produced. Plaintiffs have not explained why these requests are not unreasonably duplicative and cumulative. Accordingly, plaintiffs' request to compel responses to these requests for production are denied.

### f.  Request for Production No. 23

This request for production seeks documents related to plans to reduce head counts of CSEs or CDMs from January 1, 2009, to the present. Hershey asserts that it has already

1  responded to this request by indicating that its investigation has not uncovered any such
2  documents to the extent the plans at issue affected plaintiffs.  Hershey further asserts that, in
3  the pending discovery dispute, Hershey has also indicated that its investigation has not
4  identified any documents related to plans to reduce the head count of CSEs or CDMs,
5  regardless of whether the plan affected plaintiffs.
6      Hershey is ordered to amend its response to this discovery request to reflect its
7  position that it has no relevant documents.  Additionally, the Court orders that Hershey
8  promptly produce any documents responsive to this request if such documents are
9  discovered as the result of further investigation.
10      Any party may object to this non-dispositive discovery order within 14 days under
11  Federal Rule of Civil Procedure 72(a).

IT IS SO ORDERED.

Date: September 5, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge