UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GREGORY P. BARNES, DAVID C. BOLLE, MARY D. WASSON, and JERRY M. CHAPMAN, on their own behalf and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THE HERSHEY COMPANY,<br><br>Defendant. | Case No. 12-cv-01334 CRB (NC)<br><br>**ORDER OF TENTATIVE RULING RE: ESI DISPUTE**<br><br>Re: Dkt. Nos. 161, 194 |

Pending before the Court is a joint discovery letter brief concerning Hershey's Electronically Stored Information ("ESI") production. Dkt. No. 161. After holding a hearing on this discovery dispute, the Court ordered the parties to continue to meet and confer on the ESI issues and file a joint status update. Dkt. No. 181. The parties filed their updated statement of the dispute on September 26, 2014. Dkt. No. 194. The Court now issues this order setting forth its tentative views as to the issues presented, for the parties' benefit. After reviewing Hershey's proposed search terms as ordered below, the Court will issue an order confirming or modifying its tentative views set forth in this order.

The parties executed an ESI agreement in February 2014. *See* Dkt. No. 128. The ESI agreement provides, in relevant part:

> As data sources are identified, the party responding to discovery will run the initial agreed upon search terms against the reasonably accessible information collected for a mutually agreed to and selected representative custodian to gauge the magnitude of the universe of documents retrieved by such search terms and the attendant burden of reviewing and producing the non-privileged, reasonably accessible information from the search. *To the extent that the search results in a significant number of documents, a substantial portion of which are nonresponsive, the Parties will meet and confer to narrow the search terms.* The Parties envision an iterative process whereby counsel and appropriate information technology personnel together review the results of the initial searches. If the Parties cannot reach an agreement regarding the revisions to the search terms, either party may present the dispute to the Court for resolution.

*Id.* § 1(b) (emphasis added).

The agreement further provides that "[t]he Parties agree that the fact that a hit for a document that is captured by the application of any agreed-upon search terms does not mean that such document is necessarily responsive to any propounded discovery request or is otherwise relevant to this litigation. *Determinations of discoverability, relevance and privilege shall be made, in the first instance, by the producing party subject to potential court review*." *Id.* § 1(c) (emphasis added).

The initial search terms agreed-upon by the parties consisted of: (1) "[t]he names of the approximately thirty Customer Sales Executives [CSEs] and Category Development Managers [CDMs] who fell within the stipulated collective action notice in this action, including the nine plaintiffs; (2) the "[n]ames of those who took over Plaintiffs' positions or responsibilities"; (3) the "[n]ames of other CSEs and CDMs involuntarily severed who were 40 years old or older when involuntarily severed"; and (4) additional non-name terms. *Id.* § 4(d)(2).

While discovery was still bifurcated, the Court resolved a previous dispute about Hershey's ESI production by ordering Hershey to search by linking name terms with non-name terms and produce all "hits" that are responsive to plaintiffs' requests for production. Dkt. No. 139. This resulted in Hershey's review of approximately 86,000 documents and production of approximately 2,200 documents as responsive. *See* Dkt. No. 161 at 2-3. District Court Judge Charles R. Breyer later lifted the bifurcation of discovery, ordered the

parties "to proceed with discovery on all issues," and vacated the undersigned's order "to the extent the Order limits discovery to the issue of waiver." Dkt. No. 148.

Plaintiffs now seek the following relief:

(1) to compel Hershey to "produce the approximately 85,000 documents which were 'hits' based on the Court's prior order permitting Hershey's request of linkage of name search terms to substantive search terms" because they "are doubtless responsive to Plaintiffs' pending discovery requests";

(2) in lieu of searching the nine plaintiffs' custodian files, to compel Hershey to "produce all emails sent to or from the Plaintiffs from twelve months prior to the Plaintiffs' terminations to the date of their terminations"; and

(3) to compel Hershey to search the following unlinked search terms within the 28 custodians (which remain after the nine plaintiffs are removed as search custodians based on part 2): (1) the names of the nine Plaintiffs; (2) the names of non-opt-ins; (3) "headcount" and/or "head count"; (4) tenure; and (5) calibrat*. Dkt. No. 194 at 1-2.

With respect to part 2 of the requested relief, Hershey responds that it "offered to compromise with Plaintiffs by providing these documents as part of a global compromise regarding ESI issues." *Id.* at 4. The Court's tentative view is to grant the relief in part 2.

As to part 1, Hershey contends that, based on its review, "over 91 percent" of the approximately 85,000 documents "are not responsive to any of Plaintiffs' requests, regardless of the bifurcation order." *Id.* Hershey further states that it is "in the process of returning to the 85,000 hits to produce documents responsive to Plaintiffs' new requests for production." However, neither the parties' ESI agreement nor the discovery rules require Hershey to produce documents that are not responsive to any of plaintiffs' discovery requests. If plaintiffs contend that Hershey has withheld responsive documents, they have not established a basis for such a contention. Accordingly, the Court's tentative view is to order Hershey to produce all documents from the approximately 85,000 "hits" that are

Case No. 12-cv-01334 CRB (NC)
ORDER OF TENTATIVE RULING RE:          3
ESI DISPUTE

responsive to any of plaintiffs' requests, considering that discovery is no longer bifurcated. The Court, however, is not inclined to order Hershey to produce the documents just because they are "hits" without regard to responsiveness.

As to part 3, the Court's prior order directing Hershey to search by linking names and non-name terms was issued in consideration of the limited scope of discovery at the time. *See* Dkt. No. 139. Discovery now proceeds on all issues. Recognizing that, Hershey has "indicated its willingness to produce additional ESI, subject to an agreement between the parties (or an order by the Court) establishing the parameters of such a production." Dkt. No. 161 at 5. Hershey states that while "Plaintiffs only provided their final proposed search terms on the evening of Tuesday, September 23, so Hershey has not had an opportunity to sample the "hits," . . . Hershey's review of Plaintiffs' original search terms, which included all of the Plaintiffs' and non-opt-ins names, revealed that nearly all of the "hits" were non-responsive." Dkt. No. 194 at 4. Hershey contends that the ESI agreement "spells out a solution for a situation where a set of search terms return too many non-responsive documents," which is for the parties to meet and confer to narrow the search terms. *Id.* at 5. However, despite ample opportunity to meet and confer, the parties have not reached an agreement about narrowing the terms.

The Court's tentative view is to order Hershey to search the terms as proposed by plaintiffs in part 3. Hershey may review the "hits" for responsiveness and privilege, if it so wishes, or produce all "hits" to minimize its costs. However, before issuing its final order on this matter, the Court will allow Hershey to propose search terms in response to the search terms proposed by plaintiff. In its proposal, Hershey may also provide additional information on the anticipated responsiveness of the "hits" generated by using plaintiffs' proposed search terms. Hershey's proposal must be filed by October 7, 2014. Further requests for additional time to complete this process are disfavored.

Finally, in its September 5 discovery order, the Court took under submission plaintiffs' request to compel Hershey to produce all documents regarding the employment

Case No. 12-cv-01334 CRB (NC)
ORDER OF TENTATIVE RULING RE:     4
ESI DISPUTE

separations for any CSE or CDM who was age 40 or older and involuntarily terminated from employment with Hershey from January 1, 2012, to the present (Request for Production No. 16). *See* Dkt. No. 182 at 9-10. The Court's tentative view is to order Hershey to produce all documents responsive to this request that are captured within the "hits" generated by the search terms that the Court will order as to part 3.

Hershey's proposal regarding search terms must be filed by October 7, 2014.

IT IS SO ORDERED.

Date: September 30, 2014

_____
Nathanael M. Cousins
United States Magistrate Judge

Case No. 12-cv-01334 CRB (NC)
ORDER OF TENTATIVE RULING RE:
ESI DISPUTE

5