IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. BARNES, ET AL.,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>THE HERSHEY COMPANY,<br><br>　　　　Defendant.　　　　　　　　／ | No. 3:12-cv-01334-CRB<br><br>**ORDER RE DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND LEAVE TO RESPOND TO PLAINTIFFS' OBJECTIONS** |

　　　　Now before the Court is Defendant The Hershey Company's ("Hershey") motion for partial summary judgment in an age discrimination suit. Rule 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any appropriate order." Fed. R. Civ. P. 56(d). Here, the Malloy Declaration (dkt. 177) and the record before the Court meet the requirements of Rule 56(d).

　　　　On September 5, 2014, two days after Plaintiffs filed their opposition (dkt. 176) to the present motion, Magistrate Judge Cousins issued an order resolving discovery disputes between the parties. Discovery Order (dkt. 182).　　Magistrate Judge Cousins' order compels Hershey to produce a corporate designee for deposition on topics concerning "realignments, restructurings, reorganizations, or reductions in force that affected the CSE or CDM position between 2009 and 2013" and "plans or goals to sever CSEs and CDMs in 2009 through 2011." Discovery Order at 3-4, 6. The order further compels Hershey to answer Plaintiffs' interrogatories numbers 11 and 12, see Sixth Discovery Brief (dkt. 165 at 2), and to produce requested documents numbers 15 and 17, see id., regarding realignments, restructurings, or reorganizations, and personnel files. Discovery Order at 7-10. The parties were also ordered to meet and confer on additional discovery matters and to

submit further discovery letter briefs.  See generally id.; see also Status Report (dkt. 194).

The discovery sought was held to be "reasonably calculated to lead to the discovery of admissible evidence as to whether Hershey engaged in group termination[,]" which is a central question at issue in Hershey's motion for summary judgment. Id.  The discovery process should therefore proceed in line with Judge Cousins' order before a fair determination of the issues raised at the summary judgment stage is made.

Therefore, the hearing on the motion scheduled for October 17, 2014 is VACATED and the motion is DENIED without prejudice.  Accordingly, Plaintiffs' objections to Hershey's reply evidence (dkt. 193) and Hershey's motion for leave to respond (dkt. 195) are DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: October  6, 2014

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE