1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   GREGORY P. BARNES, ET AL.,                    No. 3:12-cv-01334-CRB

12            Plaintiffs,                           **ORDER DENYING MOTION FOR**
                                                    **RELIEF FROM NONDISPOSITIVE**
13      v.                                          **PRETRIAL ORDER OF MAGISTRATE**
                                                    **JUDGE**
14   THE HERSHEY COMPANY,

15            Defendant.
     _____/
16

17        Now pending is Plaintiffs' Motion for Relief of Nondispositive Pretrial Order of

18   Magistrate Judge (dkt. 190), in which Plaintiffs seek relief from Magistrate Judge Cousins'

19   September 5, 2014, Order Resolving Discovery Disputes (dkt. 182).  Specifically, Plaintiffs

20   object to Cousins' denial of three depositions, certain Rule 30(b)(6) topics, and two

21   document requests.  Plaintiffs claim that the discovery sought is highly relevant to whether

22   Hershey engaged in a group termination of Customer Sales Executives and Category

23   Development Managers, the subject of Hershey's pending summary judgment motion.

24        This Court concludes that the challenged aspects of Judge Cousins' Order are neither

25   clearly erroneous nor contrary to law.  Magistrate Judge Cousins recognized that in general,

26   "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any

27   party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  However, even when the information

28   sought by the parties in a civil lawsuit is relevant, the Court must limit the scope of discovery

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

1   if it determines that (1) "the discovery sought is unreasonably cumulative or duplicative, or

2   can be obtained from some other source that is more convenient, less burdensome, or less

3   expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the

4   information by discovery in the action"; or (3) "the burden or expense of the proposed

5   discovery outweighs its likely benefit, considering the needs of the case, the amount in

6   controversy, the parties' resources, the importance of the issues at stake in the action, and the

7   importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).

8          In other words, Magistrate Judge Cousins' task was to "strike[] the proper balance

9   between permitting relevant discovery and limiting the scope and burdens of the discovery to

10  what is proportional to the case," Kaiser v. BMW of N. Am., LLC, No. 12-cv-01311 DMR,

11  2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013), and that is precisely what he did.  As to

12  the Vucovich deposition, Magistrate Judge Cousins reasonably determined that Plaintiffs

13  may renew their request if future discovery shows the deposition to be relevant and

14  necessary.  Likewise, the Court sees no error in Magistrate Judge Cousins' determination that

15  Plaintiffs failed to show why the Fanelli and Smuda depositions were warranted.  Nor does

16  the Court see error in Magistrate Judge Cousins' determination that the challenged topics

17  could be more appropriately addressed by interrogatories or document requests, or that they

18  are vague and unreasonably cumulative.  As for Plaintiffs' challenge to the denial of two

19  document requests, we agree with Magistrate Judge Cousins that the requests appear

20  unreasonably duplicative at this time.

21         Accordingly, Plaintiffs' motion for relief is DENIED.

22         **IT IS SO ORDERED.**

23

24  Dated: October __7__, 2014                         _____

25                                                     CHARLES  R. BREYER
                                                       UNITED STATES DISTRICT JUDGE
26

27

28

2