IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY P. BARNES, ET AL., | No. 3:12-cv-01334-CRB |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART ADMINISTRATIVE MOTIONS TO SEAL** |
| v. | |
| THE HERSHEY COMPANY, | |
| Defendant. | |

Now before the Court are a series of administrative motions to file documents under seal in connection with the parties' pending cross motions for summary judgment. In the context of dispositive motions, as here, the Court starts with "a strong presumption in favor of access to court records." See Foltz v. State Farm Mutual Auto. Insurance Company, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing Hagestad v. Tragesser, 49 F.3d 1430, 143 (9th Cir.1995) (recognizing strong presumption in context of civil trial)). In other words, "to retain any protected status for documents attached to a summary judgment motion, the proponent must meet the 'compelling reasons' standard and not the lesser 'good cause' determination." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1177 (9th Cir. 2006) (quoting Foltz, 331 F.3d at 1135). "The common law right of access, however, is not absolute and can be overridden given sufficiently compelling reasons for doing so." Foltz, 331 F.3d at 1135 (citing San Jose Mercury News, Inc. v. United States District Court–

1  Northern District (San Jose), 187 F.3d 1096, 1102 (9th Cir. 1999).  In making the
2  determination whether to grant a motion to file under seal, "courts should consider all
3  relevant factors, including the public interest in understanding the judicial process and
4  whether disclosure of the material could result in improper use of the material for scandalous
5  or libelous purposes or infringement upon trade secrets. . . . After taking all relevant factors
6  into consideration, the district court must base its decision on a compelling reason and
7  articulate the factual basis for its ruling, without relying on hypothesis or conjecture."  Id.
8  (quoting Hagestad, 49 F.3d at 1434).  This determination involves "balanc[ing] the
9  competing interests of the public and the party seeking to seal judicial records."  In re
10 Midland Nat. Life Ins. Co. Annuity Sales Practices Litig., 686 F.3d 1115, 1119 (9th Cir.
11 2012) (citing Kamakana, 447 F.3d at 1179).  "A 'good cause' showing will not, without
12 more, satisfy a 'compelling reasons' test."  Kamakana, 447 F.3d at 1180.  The Ninth Circuit
13 has explained that "compelling reasons" that justify sealing court records generally exist
14 "when such 'court files might have become a vehicle for improper purposes,' such as the use
15 of records to gratify private spite, promote public scandal, circulate libelous statements, or
16 release trade secrets."  Id. at 1179 (quoting Nixon v. Warner Communications, 435 U.S. 589,
17 598 (1978)).  "The mere fact that the production of records may lead to a litigant's
18 embarrassment, incrimination, or exposure to further litigation will not, without more,
19 compel the court to seal its records."  Id. (citing Foltz, 331 F.3d at 1136).
20      With these standards in mind, the Court turns to the motions at hand.  Docket 239 is
21 Plaintiffs' administrative motion to file under seal certain documents that Defendant The
22 Hershey Company ("Hershey") has designated as confidential pursuant to a Stipulated
23 Protective Order.  Specifically, Plaintiff refers to Exhibits 16 to 19, 21 to 24, 26 to 74, and 76
24 to 102 of the declaration of Brian J. Malloy.  Plaintiffs seek to use the listed documents in
25 Plaintiffs' motion for partial summary judgment on Defendant's affirmative defense of
26 waiver.  As required by Civil Local Rule 79-5(d), Hershey timely filed a declaration that the
27 designated information is sealable.  See Brigham Decl. (dkt. 241).  Puzzlingly, however,
28 Hershey appears to justify the sealing of these and all other exhibits under the "good cause"

1 standard that governs the sealing of documents attached to a non-dispositive motion, rather
2 than the "compelling reasons" standard that governs documents attached to a dispositive
3 motion, as here. See Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178–80 (9th
4 Cir.2006).  Hershey also fails to submit the narrowly tailored proposed sealing order that
5 Rule 79–5(d) requires.  Instead, Hershey justifies the sealing of the documents in their
6 entirety on general grounds relating to confidential business information and that the
7 documents should be sealed in their entirety because they are designated confidential in their
8 entirety by defendant.  See Brigham Decl. at 2.

9      The Court has reviewed each and every document sought to be filed under seal, and
10 makes the following findings.  As an initial matter, Hershey does not assert that exhibits 77
11 to 79 and 93 to 102 are sealable, so the motion to seal is DENIED as to these exhibits.  See
12 Brigham Decl.  Exhibits 16 to 19, 21 to 22, 26 to 27, 35, 38 to 40, 50 to 53, 55 to 59, 61 to
13 74, 82, and 84 are sealable in their entirety because they contain confidential and private
14 information about Hershey's business strategy and trade secrets, including internal operations
15 information, account assignments and divisions, financial information regarding specific
16 clients, and Hershey's organization structure and sales strategies.  Moreover, because the
17 matters at issue in these particular exhibits focus on Hershey's trade secrets and bear only
18 tangentially on the employment matters at the heart of this litigation, the public's interest in
19 understanding the judicial process is minimal with respect to these exhibits.  Accordingly, the
20 motion to file under seal as it relates to these exhibits is GRANTED.

21      However, Exhibits 23 to 24, 28 to 34, 36 to 37, 41 to 43, 49, 54, 60, 80 to 81, and 85
22 to 92 contain information about the performance reviews and termination decisions regarding
23 various employees.  Hershey states in general terms that these documents contain
24 "confidential information" about "several nonparty individual employees," see Brigham
25 Decl. at 2, but many of these documents appear to contain, in whole or in part, information
26 about party employees—in fact, about the termination decisions at the heart of this litigation.
27 It is not clear to this Court what compelling reasons justify keeping this information under
28 seal, and Hershey provides little help in this regard.  In fact, to the extent that the exhibits

3

bear on the performance reviews and termination decisions about parties (as opposed to other, non-party employees) to this litigation, which centers on whether the parties were terminated for improper reasons, it appears that privacy interests are minimal and that the public's interest in the disclosure of these documents for the legitimacy of the judicial process is heightened.

The same applies to Docket 234, in which Hershey seeks to file under seal a copy of a portion of its responses and objections to Plaintiffs' interrogatories, which appears as Exhibit 7 to the declaration of Brandon J. Brigham in support of Defendant's motion for partial summary judgment. Though the exhibit contains confidential information about non-parties' terminations from employment and their personal identifying information, it also appears to contain information about the termination of parties to this litigation. Hershey did not differentiate between these two groups, and it is not the Court's responsibility to narrowly tailor a sealing order on Hershey's behalf. See Civil Local Rule 79-5(a), (d).

Accordingly, the motions to seal are DENIED as to Exhibit 7 in Docket 234 and exhibits 23 to 24, 28 to 34, 36 to 37, 41 to 43, 49, 54, 60, 80 to 81, and 85 to 92 in Docket 239 for failure to comply with Civil Local Rule 79–5(a)–(b), (d), which require that requests to seal be narrowly tailored. No later than seven days from the date of this Order, Hershey may resubmit a modified version of its declaration, which shall include a narrowly tailored version of this sealing request and shall specify which if any of these exhibits, and which specific parts thereof, must be sealed to protect the privacy rights of non-parties or other compelling reasons in support.

As to Exhibits 44, 45 to 48, 76, and 83 in Docket 239, Hershey does not limit its request only to confidential material, and the documents appear to contain substantial unsealable information about termination decisions relating to parties to this litigation or other aspects of this litigation more generally. Accordingly, the motion is DENIED for Hershey's failure to comply with Civil Local Rule 79–5(d), which requires that requests to seal be narrowly tailored. See Brigham Decl. at 2–3. Hershey may resubmit a modified version of its declaration, which shall include a narrowly tailored version of this sealing request and shall specify which if any of these exhibits, and which specific parts thereof, must be sealed to protect the privacy rights of non-parties or other compelling reasons

4

in support.

Docket 245 is Plaintiffs' administrative motion to file under seal a list of documents that Hershey designated as confidential. Of that list, Hershey's Rule 79(d) declaration only seeks to seal the redacted portions of Plaintiff's Opposition and Exhibit A to the Malloy declaration, which is Hershey's Supplemental Responses to Plaintiff's Interrogatories pursuant to the Court's September 5, 2014 Order. See Brigham Decl. (dkt. 249). But Hershey's justification for keeping this material under seal suffers from the same infirmities. For one thing, Hershey (which again cites the incorrect "good cause" standard) states that the material contains confidential information "regarding Hershey's business matters and several nonparty individual employees, the disclosure of which may lead to annoyance, undue burden or expense." See Brigham Decl. at 2. But on the Court's own review of Exhibit A, it appears to contain information about both non-parties and about the terminations of parties that are at the heart of this litigation. Moreover, Hershey does not argue that Exhibits B–J should be sealed, and yet seeks to seal all the redacted portions of Plaintiffs' Opposition, including those that refer to these latter exhibits. Accordingly, the motion is DENIED for Hershey's failure to comply with Civil Local Rule 79–5(d), which requires that requests to seal be narrowly tailored. See Brigham Decl. at 2–3. Hershey may resubmit a modified version of its declaration, which shall include a narrowly tailored version of this sealing request and shall specify which if any parts of Exhibit A and of Plaintiffs' Opposition, must be sealed to protect the privacy rights of non-parties or other compelling reasons in support.

Docket 248 is Plaintiff's administrative motion to file under seal Exhibit A to Plaintiffs' motion for relief from a nondispositive pretrial order of a magistrate judge. Exhibit A contains a series of emails with a roster of Hershey's sales employees and information regrading specific customers, strategies, and sales targets. The emails are brief and do not contain significant unsealable information. Moreover, the public interest in these emails is minimal, as they relate to a technical matter in a discovery order and bear only tangentially, if at all, to the questions at issue in the litigation. And as this sealing order relates only to a nondispositive motion, it is subject only to a "good cause" determination. See Kamakana, 447 F.3d at 1177. Accordingly, the Court finds good cause to maintain the confidentiality of Exhibit A and GRANTS the motion to seal.

Finally, Docket 253 is Hershey's administrative motion to file under seal documents in further support of its motion for partial summary judgment and in opposition to Plaintiffs' motion for partial summary judgment. Specifically, Hershey seeks to seal certain redacted portions of Hershey's opposition to Plaintiffs' motion for partial summary judgment and Exhibits 10 and 23 of the declaration of Brandon J. Bingham. Exhibit 10 is an email of a detailed recap of a sales and recruitment strategy meeting. Exhibit 23 is a detailed chart of Hershey's client list, revenues, and management distribution plans. The Court agrees with Hershey's representations that disclosure of these emails would put Hershey at a competitive disadvantage by revealing its internal talent planning and client management strategies. Additionally, the emails bear only tangentially on the matters at issue in this litigation, such that the public interest in disclosure is minimal. The same goes for the redacted portions of Hershey's opposition to Plaintiff's motion for partial summary judgment, because those limited excerpts describe trade secrets and management strategies, the disclosure of which would compromise Hershey's competitive standing. Accordingly, the Court finds compelling reasons to seal the material at issue in Docket 253, and GRANTS the motion.

**CONCLUSION**

For the foregoing reasons, the Court's ruling are as follows. As to Docket 234, the motion to seal is DENIED. As to Docket 239, the motion to seal is granted with respect to Exhibits 16 to 19, 21 to 22, 26 to 27, 35, 38 to 40, 50 to 53, 55 to 59, 61 to 74, 82, and 84. The motion to seal is DENIED with respect to Exhibits 23 to 24, 28 to 34, 36 to 37, 41 to 43, 49, 54, 60, 80 to 81, and 85 to 92, and with respect to Exhibits 44, 45 to 48, 76, and 83. As Hershey does not seek to seal Exhibits 77 to 79 and 93 to 102, the motion to seal those exhibits is DENIED. As to Docket 245, the motion is DENIED. As to Docket 248, the motion is GRANTED. As to Docket 253, the motion is GRANTED.

With respect to the motions that were denied for failure to comply with Rule 79-5: Hershey may submit a supplemental declaration establishing that the designated information is sealable to the satisfaction of the standards for dispositive motions as described in this Order and supporting case law. Any supplemental declarations must include the narrowly tailored proposed sealing order required by Rule 79-5(d), and must be filed within 7 days of the date of this Order. Any material not

supported by a supplemental declaration, or not supported by one that provides specific "compelling reasons" for seal, will be filed in the public record.

**IT IS SO ORDERED.**

Dated: April 21, 2015

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE