1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREGORY P. BARNES, ET AL.,

      Plaintiffs,

  v.

THE HERSHEY COMPANY,

      Defendant.

_____/

No. C12-01334 CRB

**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDERS OF MAGISTRATE JUDGE**

17

18

19

20

21

22

23

     Now before the Court is Plaintiffs' motion for relief from a nondispositive pretrial order entered by Magistrate Judge Nathanael M. Cousins.  See Mot. (dkt. 247).  On March 31, 2015, Magistrate Judge Cousins entered an order denying Plaintiffs' requests for supplemental discovery with respect to Plaintiffs' Letter Brief 8 (dkt. 225), Letter Brief 9 (dkt. 226), Letter brief 10 (dkt. 227), and Letter Brief 11 (dkt. 228).  See Cousins Order (dkt. 235).  Plaintiffs seek review only of Magistrate Judge Cousins' determination with respect to Letter Brief 11.  See Mot. at 1–2.

24

25

26

27

28

     Federal Rule of Civil Procedure 72(a) directs this Court to consider timely objections to nondispositive pretrial orders issued by magistrate judges and to "modify or set aside any part of the order that is contrary to law or clearly erroneous."  "'A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing [body] on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"

Concrete Pipe and Prods. v. Constr. Laborers Pension Trust, 508 U.S. 602, 622 (1993) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948)).  "[R]eview under the 'clearly erroneous' standard is significantly deferential . . . ."  Id. at 623; see also In re Papio Keno Club, Inc., 262 F.3d 725, 729 (8th Cir.2001) ("To be clearly erroneous, a decision must strike [the reviewing court] as more than just maybe or probably wrong; it must . . . strike the [the reviewing court] as wrong with the force of a five-week-old, unrefrigerated dead fish.") (citation and internal quotation marks omitted).

The Court concludes that the challenged aspect of Judge Cousins' Order is neither clearly erroneous nor contrary to law.  Magistrate Judge Cousins recognized that under Federal Rule of Civil Procedure 26(b), even when the information sought by the parties in a civil lawsuit is relevant, the Court must limit the scope of discovery if it determines that (1) "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive"; (2) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action"; or (3) "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C).  In other words, Magistrate Judge Cousins' task was to "strike[] the proper balance between permitting relevant discovery and limiting the scope and burdens of the discovery to what is proportional to the case," Kaiser v. BMW of N. Am., LLC, No. 12-cv-01311 DMR, 2013 WL 1856578, at *3 (N.D. Cal. May 2, 2013).

Here, the discovery that Plaintiffs seek relates to a technical problem in which many of the emails that Hershey produced in the course of discovery are "stub" emails that cut off mid-message.  It appears that this might be the result of Hershey producing emails both from a live exchange mailbox—the messages from which appear with stubs of archived emails attached to them—and from the archives themselves, which in theory at least contain the full text of the stub emails.  See Letter Brief 11 at 3.  The parties have conferred for months about

2

whether there are technical solutions that would allow Hershey to identify where in the discovery the full text version that corresponds to each stub appears, with Plaintiffs and their expert proposing a work flow methodology that Hershey could employ to accomplish this task and Hershey responding that it attempted that very methodology and found it to be unsuccessful.  See generally Letter Brief 11.

The Court has carefully considered Plaintiffs' arguments that Plaintiffs have had no other opportunity to obtain the allegedly missing email data and that there is no other discovery on this point, and appreciates Plaintiffs' diligence in seeking a resolution of this matter directly with Hershey.  Nevertheless, the Court sees no clear error in Magistrate Judge Cousins' Order because it appears that Plaintiffs have a full set of discoverable materials in their possession—albeit with duplicative "stubs" that seem to be a result of the live and archived sources as previously explained.  While the Court understands that the discovery materials are voluminous, Hershey appears to have made a good faith if unsuccessful effort to apply Plaintiffs' proposed solutions.  Accordingly, the Court DENIES Plaintiffs' motion for relief, without prejudice to bring this matter to the attention of Magistrate Judge Cousins and/or this Court if Plaintiffs determine that they do not in fact have—and cannot obtain from Hershey—a complete set of discoverable emails within the scope of the discovery orders.  Indeed, it appears that Magistrate Judge Cousins envisioned this course of events, see Cousins Order at 2, and it seems entirely appropriate to this Court.

**IT IS SO ORDERED.**

Dated: April 22, 2015

_____
CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

3